OPINION
Defendant Bakarie Wilks appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which convicted and sentenced him for felonious assault in violation of R.C. 2903.11, after a jury found him guilty. Appellant assigns five errors to the trial court:
 "I. THE VERDICT FINDING THE ACCUSED GUILTY IS NOT ONLY FLAWED, TO THE EXTENT IT IS BASED ON TESTIMONY THAT CANNOT SURVIVE MEANINGFUL SCRUTINY IT IS UNACCEPTABLE.
 "II. THE VERDICT FINDING THE APPELLANT GUILTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW.
 "III. THE COURT ERRED WHEN IT INSTRUCTED THE JURY ON SELF-DEFENSE THAT THE DEFENDANT WAS "MISTAKEN" IF HE BELIEVED HE WAS IN IMMEDIATE DANGER OF BODILY HARM AND THAT "HIS ONLY MEANS TO PROTECT HIMSELF WAS THE USE OF THE FORCE UTILIZED.
 "IV. A PROSECUTOR IS GUILTY OF MISCONDUCT WHEN DURING HIS SUMMATION IN AN EFFORT TO INFLAME THE JURY, HE INSINUATES NOT ONLY THAT DEFENSE COUNSEL DOUBTLESS BELIEVED HIS CLIENT WAS GUILTY, BUT ALSO MAKES AN ARGUMENT THAT MALIGNS DEFENSE COUNSEL FOR MAKING AN UNFOUNDED ARGUMENT BECAUSE HE WAS PAID TO REPRESENT THE ACCUSED.
 "V. THE COURT COMMITTED "PLAIN ERROR," SUFFICIENT TO DENY THE ACCUSED A FAIR TRIAL, WHEN IT FAILED TO FULLY, ADEQUATELY AND SUFFICIENTLY INSTRUCT THE JURY ON THE VARIOUS ELEMENTS OF THE DEFENSE OF SELF-DEFENSE."
At trial, the State offered evidence two fights occurred after 2:00 o'clock on the morning of January 29, 2001, at Selmon's Blue Note in Mansfield, Richland County, Ohio. At approximately 2:15, appellant and one Maurice Davis engaged in a fight, apparently about a woman with whom they both were acquainted. Davis and appellant had different versions of what occurred next, but it is clear when Mansfield Police arrived to break up the fight, both men had suffered slight injuries. In response to an inquiry, appellant informed police he would not be available in the morning to file charges because he was leaving town. Appellant indicated he would handle the situation himself.
At closing time, Davis encountered appellant in the doorway of the bar. Another fight broke out, and the Mansfield police again responded. Various witnesses gave differing accounts as to what occurred, but the State presented testimony appellant struck Davis twice on the head with a "brick" of asphalt. Appellant maintained that he struck Davis with the brick in self-defense.
Both appellant and Davis were taken to the hospital, and appellant was treated for a severely swollen hand. Davis suffered a "temporary serious disfigurement" as a result of being struck with the brick. Davis' blood alcohol level was .172.
I II
In his first and second assignments of error, appellant argues the jury's verdict is not supported by the sufficiency and weight of the evidence presented.
In State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court explored the concepts of sufficiency and weight of the evidence. Sufficiency of the evidence refers to the legal standard which the trial court applies to determine whether, as a matter of law, the evidence is legally sufficient to sustain a guilty verdict, and thus, is appropriate for the jury to review. Weight of the evidence, on the other hand, is a factual determination for the jury to make. It concerns the amount of credible evidence offered to support one side of the issue rather than the other.
Our standard of reviewing a claim the conviction is based upon insufficient evidence, is to review the record in a light most favorable to the prosecution, and to determine whether any rational trier of fact could have found the State presented evidence on each of the essential elements of the crime charged. By contrast, our review of claims a conviction is against the manifest weight of the evidence is to review the record, weigh the evidence and all reasonable inferences to be drawn from the evidence, consider their credibility of the witnesses, and finally to determine whether in resolving conflicts in the evidence, the jury clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered,Thompkins, at 387, citations deleted.
The evidence at trial was hotly contested, as are indeed the briefs before us regarding the evidence and its interpretation. Nevertheless, our review of the record leads us to conclude that the State offered sufficient competent and credible evidence going to each of the elements of the crime charged that the jury could reasonably conclude appellant was guilty beyond a reasonable doubt.
The first and second assignments of error are overruled.
 III
In his third assignment of error, appellant takes issue with the court's jury instruction on self defense. Referring to Ohio's jury instructions as sophomoric and boiler-plated, appellant urges the instruction could have been misleading to the jury. Specifically, the trial court instructed the jury ". . . [appellant] has to prove that he has reasonable grounds to believe, and an honest belief, even though mistaken, that he was in immediate danger of bodily harm and that his only means to protect himself from such danger was by the use of force. . ." Tr. of Proceedings, 303.
Appellant argues the jury may have interpreted those remarks to indicate the trial court believed appellant was mistaken if he believed he was in danger.
Appellant neglects the trial court's further remarks on the issue: "In deciding whether Mr. Wilks had reasonable grounds to believe and an honest belief that he was in danger of immediate bodily harm, you must put yourself in the position of Mr. Wilks, with his characteristics and his knowledge or lack of knowledge, and the circumstances-and under the circumstances and conditions that surrounded him at that time. You must consider the conduct of Mr. Davis and decide if his acts and words caused Mr. Wilks reasonably and honestly to believe that he about to receive bodily harm." Tr. of Proceedings, 304. The jury instructions continue for another page and one-half in the transcript, elaborating further on the issue of self defense.
We have reviewed the jury instructions as given, and we find them unambiguous. We specifically find the trial court did not express a belief regarding whether appellant was in danger or could have reasonably believed he was in danger.
The third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant argues the prosecutor committed misconduct when, in closing, the prosecutor insinuated that defense counsel did not believe his client was innocent, and was propounding arguments simply because he was being paid to do so.
Our standard of reviewing the claim of prosecutorial misconduct is to determine whether the conduct complained of deprived defendant of a fair trial, State v. Jackson, 92 Ohio St.3d 436, 2001-Ohio-1266, 751 N.E.2d 946.
The specific language to which appellant objects is: "Ask yourself why [defense counsel] is doing that. Is he doing that because he is being paid to represent Mr. Wilkes and is it his job? . . ." Tr. at 275.
Defense counsel did not object to the statement.
The State concedes that particular statement was inappropriate, but urges the single statement, taken in the context of the two-day trial, was insufficient to deprive appellant of a fair trial.
We find while the statement was inappropriate, appellant did not object. We find the trial court did not commit plain error in permitting the prosecutor to make that single statement.
The fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant urges the trial court committed plain error in the jury instruction on self-defense. Appellant appears to concede that the trial court's jury instructions were consistent with the United States Supreme Court's holding in Martin v.Ohio (1987), 480 U.S. 228. Nevertheless, appellant characterizes Ohio law as countenanced by the United States Supreme Court as "crude and indefensible."
This court is bound by the holdings of the United States and Ohio Supreme Courts. We find the trial court's instructions were a correct statement of Ohio law.
The fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By GWIN, P.J., FARMER, J., and EDWARDS, P.J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.